ELLEN P. COOK, LEWIS S. COOK and WILLIAM W. SMALLEY, surviving executors of the last will of Lewis D. Cook,

*v.*

MAGGIE V. D. McDOWELL et al.

1. L. D. C., by his will, directed his executors to sell his real estate and invest the sum of $20,000 for the benefit of his wife for her life, the principal, at the death of the wife, to be divided in the same manner as the residue of his estate.   He then devised and bequeathed the residue of his estate to his six children, share and share alike, adding this language: "In case any of my said children die before receiving their share, leaving issue, then I give, devise and bequeath to such issue the share the parent would have taken if. living."

2. F. H. C., a son, survived his father, but died without issue before he came into actual possession of any part of his father's estate.—*Held*, that he took a vested estate in one-sixth part of the residue of his father's property, which passes by his will.

On bill &c.

*Mr. Henry C. Suydam,* for the complainants.

THE CHANCELLOR.

The object of the bill is to secure a construction of a portion of the will of Lewis D. Cook, deceased.

Mr. Cook, domiciled at Bound Brook, in this state, died on the 25th of November, 1891. By his will, dated the 28th day of March, 1887, after appointing the executrix and executors of his will, directing the payment of his debts and funeral expenses, bequeathing to his widow his household goods, clothing and a policy of life insurance, and devising to her a dwelling-house for her life, he continued his will in this language :

"*Fourth.* I do hereby order and direct my said executors and the survivors or survivor of them to grant, bargain, sell and convey any or all of my lands and real estate to any person or persons in fee simple or otherwise at public or private sale at such times and upon such terms as they shall think for the best interest of my estate.

"*Fifth.* I do hereby order and direct my executors or the survivors or survivor of them to invest and re-invest when necessary and in such manner and on such security as they may determine the sum of twenty thousand dollars ($20,000) and to pay the interest accruing thereon semi-annually to my wife for and during the period of her natural life and after her death the said twenty thousand ($20,000) dollars to be divided in the same manner as the residuum of my estate.

"*Sixth.* I give, devise and bequeath all the rest and residue of my property both real and personal to my six children, Emma S. Cook, wife of William W. Smalley ; Ella P. Cook, Lewis S. Cook, Laura K. Cook, Frederick H. Cook and Jessie M. Cook, to be divided equally among them share and share alike, to them, their heirs and assigns forever, in case any of my said children die before receiving their share leaving issue then I give, devise and bequeath to such issue the share the parent would have taken if living."

The testator's wife and children survived him. On the 3d of May, 1893, before there was any distribution of the father's estate, Frederick H. Cook, one of the children, died without leaving issue, having duly made a will, in and by which, among

other things, he gave and devised one-half part of all the residue of his estate, real and personal, to his affianced wife, Maggie V. D. McDowell, and the remaining half part of such residue to his three unmarried sisters, Ella, Laura and Jessie.

The complainants desire to be instructed what disposition shall be made of the share which was apportioned to Frederick H. Cook by his father's will.

The executors of the will of Frederick and the surviving brother and sisters and Maggie V. D. McDowell are made the defendants in the suit.

There is no gift over in the event of any child dying without issue. The gift over depends solely upon the happening of the contingency that one of the class to whom the residue of the estate is given shall die leaving issue before he or she shall take. The intention of such provision is to protect the issue. If the parent shall once take, his will or the law will give proper direction to the property. The words "*before receiving*" were inserted, I think, in contemplation of this intention, and used in the sense of vesting in right, rather than in the sense of being had in actual possession.

, The devise and bequest of the residue is, in present language, as of the time when the will first speaks, the time of the testator's death. It does not contain any expression of purpose to postpone enjoyment. All there is of postponement is in the previous setting aside of $20,000 for the benefit of the widow for life, which, in fact, delays enjoyment of that part of the estate by the children until the widow's death. But that postponement is not because of anything personal to the children. It is merely to let in another temporary interest. It is not annexed to the substance of the legacy to the children. The rule in such cases is, that the legacy vests at the death of the testator. *Bonnell* v. *Bonnell, 2 Dick. Ch. Rep. 540,* where the leading cases of this state supporting this rule are cited.

I am of opinion that Frederick H. Cook took a vested estate in the whole residue at his father's death, which he could lawfully dispose of by his will. The complainants will be instructed accordingly.