HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED,
FREDERIC W. STEVENS, MARTIN P. GREY AND
EUGENE STEVENSON, VICE-CHANCELLORS.

---

CHARLES HOAGLAND, substituted administrator, &c.,
and CHARLES COOPER

*v.*

CORNELIA S. COOPER et al.

[Filed December 22d, 1903.]

1. The jurisdiction of the court of chancery to construe a will can only be invoked when such construction involves some equitable relief sought. It will not be exercised in construing a will in respect to the devolution of title to real estate, where no equitable relief as to such real estate is sought.

407

2. The distinction between the powers formerly conferred on an administrator *de bonis non cum testamento annexo* and those now conferred on a substituted administrator, under the provisions of the supplement to the Executors and Administrators' act of March ·22d, 1901 (*P. L. of 1901 p. 303*), pointed out.

3. Where a substituted administrator with the will annexed seeks an accounting of the personal estate of testator from the executors of a deceased executrix of said will, and it appears that upon the true construction of the will there was an interest in said personal estate vested thereby in a deceased daughter of testator, of whom there is no representative made party, and it further appears in the case that upon the death of the daughter her interest became vested in the executrix from whose executors the accounting is sought, a case for decree is not disclosed.

*Mr. L. De Witt Taylor,* for the complainant.

*Mr. George A. Angle,* for the defendants.

MAGIE, CHANCELLOR.

This case was brought to a hearing upon a bill, an answer of some of the defendants, and a statement of facts agreed upon by the solicitors of the complainants and the answering defendants.

The bill is filed by two complainants, viz., Charles Hoagland, substituted administrator of the last will and testament of Benjamin B. Cooper, deceased, and Charles Cooper, claiming an interest under said will and as one of the next of kin of said testator.

It appears by the case as presented that Benjamin B. Cooper, who died in July, 1868, left a last will and codicils, which were proved in the county of Warren, where the deceased resided at the time of his death, and that letters testamentary were issued to Benjamin Lodor, Cornelius Stewart and Jemima Cooper, all of whom have died—Jemima Cooper, the survivor of the three, having died in March, 1903. The complainant Hoagland, the substituted administrator, was appointed after the death of Jemima Cooper, and his official character is that of an administrator *cum testamento annexo.*

The bill makes parties defendant the executors of Jemima Cooper, deceased, and various persons representing Harrison Cooper and David Heston Cooper, who were named in the will

of the testator, and other persons who are next of kin or heirs-at-law of said testator. The only defendants who have answered are the executors of Jemima Cooper, deceased.

The avowed purpose of the bill is to obtain a construction of the will of Benjamin B. Cooper, deceased, in various respects. Upon the briefs first filed it seemed to be assumed that this court possessed jurisdiction to construe the will of the deceased in all the particulars set out in the pleadings without regard to the relief prayed for. Having doubts as to the extent of the jurisdiction in respect to the matters disclosed in the bill and the relief sought by its prayers, I requested further argument. By the supplemental briefs, submitted upon my request, I am urged by the counsel of the complainants and of the answering defendants to construe the will in all its aspects. They consent that the court should thus declare its opinion upon the various questions raised respecting the meaning of testator's will.

Counsel have fallen into an obvious misconception of the powers and duties of the court in this case. The court of chancery, when called upon to exercise its judicial functions in determining whether the relief sought by a suitor should be granted, and when the question whether such relief should be granted involves the construction of a will, has undoubted power and it is its duty to construe the will. The peculiar jurisdiction of this court over trusts and over those charged with trusts frequently requires it, upon the instance of such trustees or those interested, to give directions for the conduct of such trustees in the administration of the trust, and when the trust is created by will incidentally the exercise of this jurisdiction to direct involves the construction of the will. Mr. Pomeroy, indeed, declares that the doctrine in harmony with principle and sustained by the weight of authority in this country is that the special equitable jurisdiction to construe wills is a mere incident of the general jurisdiction over trusts, and that a court of equity will never entertain a suit brought solely for the purpose of interpreting the provisions of a will without any further relief. *3 Pom. Eq. Jur.* § *116.* The courts of New York adopt this doctrine. *Chipman* v. *Montgomery, 63 N. Y. 221;*

*Monarque* v. *Monarque, 80 N. Y. 320; Dill* v. *Wisner, 88 N. Y. 153; Wager* v. *Wager, 89 N. Y. 161.*

The cases in which this court has exercised jurisdiction to construe wills are very numerous. Most of them are cases in which the trustee, or one charged with duties of a fiduciary character, has sought the aid of the court to direct him with respect to his official duty as trustee and in which the determination as to what direction should be given is involved with the construction of the will. *Youmans* v. *Youmans, 11 C. E. Gr. 149; Drummond* v. *Drummond, 11 C. E. Gr. 234; Dildine* v. *Dildine, 5 Stew. Eq. 78; Stevens* v. *Dewey, 10 Dick. Ch. Rep. 232; Robeson* v. *Shotwell, 10 Dick. Ch. Rep. 318; S. C., 10 Dick. Ch. Rep. 824; Casperson* v. *Dunn, 15 Stew. Eq. 87; Torrey* v. *Torrey, 10 Dick. Ch. Rep. 410; Bird* v. *Hawkins, 13 Dick. Ch. Rep. 229; Palmer* v. *Sinnickson, 14 Dick. Ch. Rep. 530; Miller* v. *Worrall, 14 Dick. Ch. Rep. 134; S. C., 17 Dick. Ch. Rep. 776; Wooster* v. *Cooper, 14 Dick. Ch. Rep. 204; Stewart* v. *Stewart, 16 Dick. Ch. Rep. 25.*

There are other cases in which this court, under its general equitable jurisdiction, construes wills and other writings in determining whether the particular relief sought by the bill is proper to be given, as upon bills for injunction, interpleader, &c. *Benham* v. *Hendrickson, 5 Stew. Eq. 441; Dusenberry* v. *Johnson, 14 Dick. Ch. Rep. 336.*

In no case has it been asserted that the court may be asked and compelled to construe a will except as incident to some relief which may be afforded by a decree. It has been expressly held that the court will not construe wills for the sake of giving counsel and advice to the parties, but only for the purpose of giving positive directions for the action of the trustee. *Stewart* v. *Stewart, ubi supra; Bonnell* v. *Bonnell, 2 Dick. Ch. Rep. 540; Griggs* v. *Veghte, 2 Dick. Ch. Rep. 179; House* v. *Ewen, 10 Stew. Eq. 368.*

In *Benham* v. *Hendrickson, ubi supra,* Chancellor Runyon made a statement which is claimed to indicate that the jurisdiction of the court in the construction of wills has been recognized as more extensive, but that statement of the learned chancellor

must be considered to have been made with reference to the facts presented in the case then under consideration. The case was one in which relief by injunction was prayed, and it is evident from an examination of it that the application for an injunction depended for its success upon· the construction of certain conveyances and a will. The expression was entirely proper as applicable to the case before the court. Its broad language was not intended to apply to other cases than such as was the one then *sub judice,* and in *Casperson* v. *Dunn, ubi supra,* the same chancellor recognized the true rule.

It follows that I am neither required nor permitted to express an opinion upon the will of the testator laid before me in this case except so far as my construction of the will may justify me in granting some relief equitable in its character and within the prayers of this bill, or some cognate relief falling within the general prayer for further relief.

In searching this case to discover ground for equitable relief within the jurisdiction of this court, it is proper to say that I have considered the case both with reference to the claim for relief on the part of the complainant, who is the substituted administrator, and on the part of the complainant whose attitude in the case is that of a person interested in the estate of the testator either under the will or by reason of his relation to the deceased as next of kin or heir-at-law. The conjunction of these diverse remedies, perhaps, makes the bill multifarious, but that point has not been raised and I have not thought it necessary to consider it.

My examination has not indicated any equitable relief that can be asked by the substituted administrator except in one particular. Two of the defendants are the executors of Jemima Cooper, who was the sole surviving executrix of Benjamin B. Cooper. By section 118 of the Orphans Court act of 1898 (*P. L. of 1898 p. 758*) they may settle the account of their testatrix as surviving executrix of Benjamin B. Cooper in that court.

The substituted administrator, by this bill, asserts that the executors of Benjamin B. Cooper, on September 9th, 1869, filed an account of the estate of that testator, which was allowed and

passed by the orphans court of Warren county, whereby it appeared that they had on hand of the personal estate of the testator $5,943.17, not including articles of personal property of the value of $1,026.30, which had been taken possession of by Jemima Cooper, the widow and executrix under the provisions of the will. He further asserts that no other or further account has been since presented by any of the executors or allowed by the court. The claim of the substituted administrator is, and it seems to be within the prayer of the bill, that the executors of Jemima Cooper should settle her account as surviving executrix of Benjamin B. Cooper in this court, and account to him, the substituted administrator, for whatever of Benjamin B. Cooper's estate came to her hands and has not been properly distributed.

The jurisdiction of this court over the settlement of the accounts of executors was declared to be well established in the leading case of *Salter* v. *Williamson, 1 Gr. Ch. 489,* and it has been frequently exercised since that time, as evinced by decisions too well known to require citation.

If the substituted administrator possessed only the power formerly conferred upon an administrator *de bonis non cum testamento,* I think that the case would not show ground for such relief, for it was well settled doctrine that such an administrator could only demand the possession of so much of the estate of the testator as had not been administered, except in case of removal under the statute. *Bradway* v. *Holmes, 5 Dick. Ch. Rep. 311; Carrick* v. *Carrick, 8 C. E. Gr. 364; McDonald* v. *O'Connell, 10 Vr. 317.* The facts in this case show that the only unadministered assets of Benjamin B. Cooper consisted of three shares of certain bank stock standing in the name of the estate of said Cooper, the certificate for which had been delivered by the executors of Jemima Cooper to the substituted administrator.

But the power conferred upon a substituted administrator under the provisions of the act entitled "A further supplement to an act entitled 'An act concerning executors and the administration of intestates' estates, approved March 24th, 1874,'" which

supplement was approved March 22d, 1901 (*P. L. of 1901 p. 303*), is much more extensive.

By the fourth section of this supplement administration *de bonis non* is no more to be granted in this state. By the third section the administrator appointed under the act is styled substituted administrator and is entitled to demand and receive the whole of the personal estate of his decedent except such portion as shall have been properly paid out and distributed, and he is expressly given power to sue and recover at law or in equity all the assets from any persons or from the heirs-at-law, or personal representatives chargeable, or their equivalent in value. As the bill asserts that Jemima Cooper, the executrix, by surviving her co-executors, became possessed of all the personal estate of the deceased Benjamin B. Cooper and has not paid out or distributed the same, it is obvious that the substituted administrator may call upon the executors of Jemima Cooper to account for and pay over the same except the shares of stock, the certificate of which they have already delivered.

While the bill thus presents a *prima facie* case for an accounting, the substituted administrator will not be entitled to such a decree, or to impose such a burden upon the estate, if the accounting can be of no practical value to the parties concerned, and this question involves the construction of the will of Benjamin B. Cooper. Such a construction must, however, be confined to such parts of the will as deal with the personal estate of the testator. The substituted administrator is invested with no power and charged with no duty except with respect to the personal estate of the testator of whom he has been made administrator.

An examination of the will of the deceased discloses that after some specific bequests to his widow, Jemima, he bequeathed to her one-third of the annual interest of his remaining personal estate. He proceeds afterwards to bequeath to his daughter, Mary Ellen, all the rest, residue and remainder of the personal estate, to her, her heirs and assigns forever, subject, however, to the rights and interest of his wife therein. If the testator had made no further provisions, it is perfectly obvious that his daughter, Mary Ellen, would have taken a vested interest in all his personal estate not

previously disposed of by the specific legacies, subject to the right of her mother to the income of one-third thereof for her life. But the testator was not content with that provision and followed it with a clause which should be quoted in full:

> "*Item.* In case, however, my said daughter, Mary Ellen, shall depart this life without heirs of her body before she arrives to the age of twenty-one years, and during the lifetime of her mother, then I do devise, give and bequeath to my wife, as long as she shall remain, my widow, out of the proceeds of the legacies bequeathed to my daughter, the sum of one hundred dollars, to be paid to her annually by my executors, and as much more as my said executors in their discretion may think necessary for the comfortable support of my said widow, in addition to the legacies heretofore bequeathed to her, and the balance of the legacies bequeathed to my daughter, in case she departs this life without issue before she arrives to the age of twenty-one years, I do devise, give and bequeath to my two nephews, Harrison Cooper and David Heston Cooper, the sons of my brother, Levi Cooper, share and share alike, to them, their heirs and assigns forever, subject to the rights and interests therein heretofore bequeathed to my said wife."

The particular clause in this item involved in this case is the latter part, providing how, what testator calls "the balance of the legacies," should be disposed of. As we have seen, the previous provision vested in Mary Ellen, the daughter, the personal estate of the deceased, subject to her mother's use of the income of one-third for her life. By the provision now under consideration it is obvious that the testator proposed that, under certain conditions, the vested interest of his daughter should be divested in favor of other parties. The conditions upon which the vested interest were to be divested were two: (1) death without issue, and (2) death before arriving at the age of twenty-one years. The case shows that one of the conditions happened, for she died without issue, but it also shows that she survived beyond the period of her twenty-first year and died prior to her mother. Both of the conditions, upon the happening of which the estate was to be divested, did not happen. The true construction of the will is that the interest vested in her never became divested. A testamentary disposition divesting a previously vested estate upon the happening of two contingencies will not operate except upon the conjunction of the happening

of both contingencies. *Groves* v. *Cox, 11 Vr. 40; Dusenberry* v. *Johnson, 14 Dick. Ch. Rep. 336.*

· This construction becomes pertinent in this case in this way. The case shows that the daughter, Mary Ellen, died without issue and without brothers or sisters, leaving her mother surviving her. Whatever interest of a personal character the daughter had at her death could have been administered upon, as she left no will, and under our statute of distributions the whole thereof would have been paid to her mother. These facts render it clear that it would be inequitable to require the executors of the mother to account with the present substituted administrator. If such accounting took place, the estate found to have been in the hands of Jemima Cooper at her death would be payable to the administrator of Mary Ellen, the daughter, and no person representing the deceased daughter is a party to this suit. Besides if such a representative of the daughter were in this suit, and the substituted administrator should pay any sum acquired by him under the accounting and the decree for payment by the executors of Jemima Cooper, it would be the duty of such representative to immediately pay whatever he had thus received back to the executors of the mother as the distributee entitled by the statute to have all the property of her deceased daughter.

The result is that the relief which the substituted administrator might otherwise claim, viz., an accounting and a decree for payment, ought not to be granted, because it would be inequitable to do so.

It is further claimed that the court should pronounce its opinion in respect to the rents, issues and profits of certain of the real estate of the testator, with which the substituted administrator seeks to charge the executors of Jemima Cooper, deceased. By the will of Benjamin B. Cooper, his executors were empowered and required to take the rents, issues and profits of certain of his real estate, and a life interest was given to the widow in one-third thereof. In the management and control of these rents, issues and profits, the executors of the testator were trustees. If the surviving executrix was accountable therefor, she and her executors would owe that accounting to

a new or substituted trustee. The functions of a substituted administrator are confined to the personal estate of the testator, and no opinion should be expressed upon this part of the will.

It is further urged that the court should declare its opinion as to the effect of the will upon the real estate of which Benjamin B. Cooper died seized, it being asserted that upon the language of the will it is uncertain whether the real estate passed thereby, and if so, who now is entitled thereto. But the determination as to the ownership of real estate is within the particular province of law courts. In the absence of some specific equitable relief which this court can give, it would be impertinent for it to express an opinion which would not be binding upon a law court in an action of ejectment and which could not be enforced by any decree of the court. *Torrey* v. *Torrey, 10 Dick. Ch. Rep. 410.*

It is lastly urged in behalf of the complainant, who claims to be one of the next of kin and heirs-at-law of Benjamin B. Cooper, that he is entitled to an accounting from the executors of Jemima Cooper for the rents of the real estate of the testator, said to have been collected by her after the death of her daughter, Mary Ellen. If, upon the true construction of the will, this complainant is entitled to such rents, it is impossible to perceive why he could not have recovered them from Jemima Cooper in her lifetime by an action at law, or why he may not now recover them from her representatives by an action at law.

I, therefore, find no ground for affording any relief to either of the complainants under this bill and it must be dismissed. As the answering defendants have acquiesced in the presentation of the case upon the bill, I think that the dismissal should be without costs.