THE TRENTON TRUST AND SAFE DEPOSIT COMPANY, substituted trustee, &c.,

*v.*

JOSEPH H. MOORE et al.

[Submitted May 6th, 1914. Decided August 25th, 1914.]

1. The primary direction of the will to the trustee on the death of the equitable life-right holder, to pay over and convey the remainder to H. and A., in equal portions, being a distinct and positive gift, absolute in terms, and unconditional that either be then living, creates a vested estate; it enabling them at any time the life estate becomes vacant, which is a certainty, to enjoy the gift, and giving a present right of future enjoyment; the only uncertainty being as to whether they will ever actually enjoy it.

2. Postponement of time of payment, being for the single purpose of allowing the life-right holder to enjoy the estate, does not make the remainder contingent.

3. The vested gift in remainder to H. and A. is not divested as to H., by the further conditional direction of the will to turn over the *corpus*

of the estate, on the death of the life tenant to A. and the issue of H. if A. survives, and H. predeceases, the life tenant, where H. leaves no issue, though predeceasing, while A. survives, the life tenant.

4. If a devise be made to A., to be divested on a given event in favor of persons unborn or unascertained, it will not be affected by the happening of the event described, unless also the objects of the substituted gift come *in esse* and answer the qualification which the testator has annexed thereto.

5. The naked power of sale given by a will to the trustee not being exercised till after death of a vested remainderman, her share of the real estate passed to her heir.

*Messrs. James & Malcolm G. Buchanan,* for the complainant.

*Mr. Scott Scammell, Mr. John T. Temple, Mr. Charles E. Gummere, Mr. Linton Satterthwaite* and *Messrs. McDermott & Enright,* for the defendants.

BACKES, V. C.

The complainant, substituted trustee under the last will and testament of Lydia A. Moore, deceased, prays for instructions and directions as to the proper course to be taken in the distribution of funds, which involves the construction of a portion of the will, which reads as follows: .

"*Fourth.* All the rest and residue of my estate, both real and personal, I give, bequeath and devise to William S. Gummere, of the city of Trenton, in the county of Mercer and State of New Jersey, his heirs, executors and administrators, upon and for the trusts hereinafter mentioned, that is to say, upon trust that he the said William S. Gummere do and shall pay over all the rents, interest, dividends and annual produce of the said residue of my real and personal estate to my beloved sons Eckford and Charles in equal shares, so long as they shall live; that upon the death of my son Eckford, said trustee do and shall assign and pay over the one-half part of the said residue of my personal estate, and convey the one-half part of the said residue of my real estate to his daughter Helen B. Moore and to his wife Annie S. Moore, in equal portions; and in case his said wife should die during the lifetime of my said son Eckford then that, at the death of my said son Eckford, said trustee do and shall assign and pay over the said half part of the said residue of my personal estate, and convey the said half part of the said residue of my real estate to the said Helen B. Moore, daughter of my said son Eckford; and in case the said wife of my said son Eckford shall survive him, and his said daughter shall die during his lifetime, then that at the death of my said son Eckford, the said trustee do and shall assign and pay over

said one-half part of the said residue of my personal estate, and convey the said one-half part of the residue of my real estate to my said son's said wife Annie S. Moore and to the issue of his said daughter Helen B. Moore in equal shares, the one moiety thereof to the said Annie S. Moore and the other moiety thereof to the issue of the said Helen B. Moore; and in case my said son Eckford shall survive his said wife, and shall die without issue surviving him, then that, at his death, the said trustee shall assign and pay over the said one-half part of the said residue of my personal estate, and convey the said one-half part of the said residue of my real estate to my son Charles and his heirs."

The trustee was authorized and empowered to make sale of the real estate at public or private sale. All of the parties mentioned in the will survived the testatrix. Both life-right holders are dead. Charles Moore died before Eckford, without issue, testate, leaving his estate to his widow, Eliza A. Moore. Helen B. Moore died in the lifetime of Eckford, her father, without issue and intestate. Eckford Moore was survived by his widow, Annie S., to whom he gave his estate. Annie S. Moore has since died testate, leaving her property to her sister Cornelia V. Temple. Lydia A. Moore's only heirs-at-law and next of kin at the time of her death were her two sons. Descendants of deceased brothers and sisters also survived her.

The controversy relates to that portion of the estate which was given to Helen B. Moore, and the propositions submitted for determination are whether she took a vested or a contingent equitable remainder—contingent upon her surviving her father—and if a vested remainder, whether it was divested by reason of the happening of certain contingent events mentioned in the executory gifts. The primary direction to the trustee to pay over and convey the remainder to Helen B. and Annie S., the daughter and the wife of Eckford, in equal portions, it will be observed, is a distinct and positive gift, absolute in terms, and unconditioned that either Helen or her mother should be living at the death of Eckford, the equitable life-right holder. This disposition is such as to have enabled them at any time the life estate became vacant, which was a certainty, to enjoy the gift. It gave a present right of future enjoyment; the only uncertainty being as to whether they would ever actually enjoy it. That this creates a vested estate is well settled. *Security Trust*

*Co.* v. *Lovett, 78 N. J. Eq. 445.* It is contended by some of the defendants that the remainder is contingent, because the gift is to be found only in the directions to the trustee to "assign and pay over and convey" at a future time. It clearly appears, however, that the time of payment was postponed for the single purpose of allowing the life-right holder to enjoy the estate. If the postponement of division or payment is merely on account of the position of the property; as, for instance, if there is a prior gift for life, or a bequest to trustees to pay debts, and a direction to pay upon the decease of the legatee for life, or after payment of the debts, the gift in remainder vests at once. *Theob. Wills 584; Post* v. *Herbert's Executors, 27 N. J. Eq. 540; Howell* v. *Gifford, 64 N. J. Eq. 180; Potter* v. *Nixon, 81 N. J. Eq. 338.*

Both remaindermen having survived the testatrix, and the gift having immediately vested upon her death, it remains to be considered whether the further provisions of the will and the happening of events worked a divestment. These further and mutually exclusive and conditional directions to the trustee are that he turn over the *corpus* of the estate upon the death of the life tenant to—(1) Helen B. Moore, if Annie S. Moore predeceases the life tenant; (2) Annie S. Moore and the issue of Helen B. Moore, equally, if Annie S. Moore survives and Helen B. Moore predeceases the life tenant; (3) Charles Moore and his heirs, if the life tenant should die without issue surviving, and should survive Annie S. Moore. With the first and third we have no concern. The contingencies therein mentioned did not come to pass, because Annie S. Moore survived the life tenant. The second contingency, upon which the gift over was made, exists (Helen B. predeceased her father without leaving issue), except for the fact that Helen died without issue, and the questions which arise are whether, as to Helen's share, the testatrix died intestate, or whether all of the contingencies upon which the gift over was based, not having happened or being impossible of performance, the primary disposition to Helen and her mother stands undefeated. The testatrix, undoubtedly, contemplated that Helen B. would die leaving issue, and intended that only in the event of her dying before her father, in the lifetime

of her mother, leaving such issue, that the portion of the estate which had been previously given to her should pass from her and to such issue. Helen's children were to take in substitution. I can regard this executory gift in that light only, and it having failed for want of issue in Helen. the original gift remains unimpaired. *2 Jarm. Wills (R. & T.) 493; Cook* v. *McDowell, 52 N. J. Eq. 351; Security Trust Co.* v. *Lovett, supra.*

There is another rule of construction supported by formidable authority by which this same result is reached. Helen having died without issue in the lifetime of her father, the gift over to her issue is incapable of taking effect. If a devise be made to A., to be divested on a given event in favor of persons unborn or unascertained, it will not be affected by the happening of the event described, unless also the objects of the substituted gift come *in esse* and answer the qualification which the testator has annexed thereto. *2 Jarm. Wills (R. & T.) 443.* The point was expressly ruled by Vice-Chancellor Pitney in *Dusenberry* v. *Johnson, 59 N. J. Eq. 336,* and is controlling in this case. There a legacy was given in trust to pay the income to the two grandchildren of the testator until they arrived at the age of one and twenty, when it was to be divided between them or go to the survivor; and further, that if the two grandchildren died before attaining their majority, the legacy was to be paid to their father, the testator's son. The father died in the lifetime of his children, both of whom died during minority, and it was held on the authority of *Drummond* v. *Drummond, 26 N. J. Eq. 234,* and the cases there cited, that the death of the father of the two grandchildren in their lifetime prevented the divesting of the legacy by their death before attaining twenty-one years, and that the survivor died vested of it. *Groves* v. *Cox, 40 N. J. Law 40.*

The contingency mentioned in the third executory gift, that in case Eckford should die without leaving a wife or issue, then the estate was to go over to his brother Charles and his heirs, might be indicative of testatrix's intention that the primary gift to Helen should not become absolute unless she survived her father, were it not for the circumstances that the first gift to her and her mother is distinct and positive, and that the three alter-

CASES IN CHANCERY, 1914. 589

*83 N. J. Eq.* Hudson Freeholders *v.* D., L. & W. R. R. Co.

native contingencies upon which the remainder was to go over, do not exhaust every possible event; for, there is no specific provision made for the contingency of Eckford surviving his wife and daughter, but leaving other issue him surviving, nor for the contingency which has actually happened, viz., the death of Helen B. without issue, prior to the death of Eckford and the subsequent death of Eckford leaving Annie S. him surviving. *Jarm. Wills 494.*

All of the real estate has been converted into cash. None had been sold at the time Helen died, and as the trustee had but a naked power of sale, the real estate (now proceeds), to the extent of her share, passed to her father as her heir-at-law, and is payable to his executor. *Herbert* v. *Tuthill, 1 N. J. Eq. 141.* At her death her father, as next of kin, became entitled to her personalty, which will be ordered paid to his executor, unless her administrator shows some reason why it should pass through his hands. Helen has been dead upwards of fifteen years, and it is highly improbable that at this date there are any outstanding debts.