LOUIS SCHMIEDER et al., complainants-respondents,

*v.*

CLARENCE D. MEYER, trustee, et al., defendants-appellants.

[Submitted October term, 1924.   Decided January 19th, 1925.]

1. A testator, by his will and codicils, left his property to his executors, in trust, to pay one-third of the income to his widow during widowhood and two-thirds of the income to his children, and provided that, "after the death of my said wife, my said estate shall be divided equally between my said children, share and share alike, and if any child dies leaving lawful issue, such grandchild or children shall receive the share or portion of the parent." *Held,* that the children took a vested estate in remainder at the time of the testator's death, subject to be divested in case of their death, leaving issue before the termination of the life estate.

2. An agreement between the life tenants and remaindermen, to convey the life estate to the remaindermen, does not merge the life estate with the estate in remainder so as to make the *corpus* of the estate immediately distributable, where the period of distribution is postponed until the termination of the life estate.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *96 N. J. Eq. 69.*

Messrs. *Stamler, Stamler & Koestler,* for the complainants-respondents.

*Mr. Clarence D. Meyer,* for the defendants-appellants.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a decree of the court of chancery decreeing the distribution of the trust funds created under the last will and testament of Frank Schmieder, and directing the defendants, as executors and trustees under his will, to transfer and convey the estate of the testator to the defendants, Louis Schmieder, Frank J. Schmieder, Mary Schmieder Hand and Emil Henry Schmieder.

Frank Schmieder died on September 26th, 1922, leaving a last will and testament and two codicils thereto. The will of the testator was dated February 3d, 1917, and, apparently, after the making of said will, the said Frank Schmieder married a second time, and on the 17th day of July, 1919, he made a codicil to the will above mentioned, making his said second wife, Ella Schmieder, a beneficiary thereunder. The testator made another codicil on April 27th, 1922.

The testator, in and by his will and codicils, named the defendants, Clarence D. Meyer and John G. Hall, executors and trustees. After making several specific bequests, the will and codicils provide as follows:

"All the rest, residue and remainder of my estate, real, personal and mixed, I give, devise and bequeath unto my executors hereinafter named, but upon trust for the following uses and trusts."

The will and codicils then provide for the collection of the income and the investment of the principal by the trustees, after which it contains the following language:

"The net income therefrom at least once in each year shall be divided by said executors and trustees in the following manner:

"One-third thereof unto my wife, Ella Schmieder, so long as she lives and remains my widow, and the remainder or two-thirds thereof shall be divided among my children Louis Schmieder, Frank J. Schmieder, Mary Schmieder Hand and Emil Schmieder.

"After the death of my said wife, my said estate shall be divided equally between my said children, share and share alike, and if any child dies leaving lawful issue, such grandchild or children shall receive the share or portion of the parent.

"The share of Emil Henry Schmieder shall be retained by my executors or trustees until my said son Emil attains the age of forty years, or as soon as my executors deem him capable of managing his own affairs, but he may receive the income therefrom regularly at least once in each year."

On or about February 26th, 1924, the widow, Ella Schmieder, and the complainants, children of the testator, namely, Louis Schmieder, Frank J. Schmieder, Mary Schmieder Hand and Emil Henry Schmieder, entered into an agreement in writing, by the terms of which the widow was to be paid the sum of $20,000 in full settlement of her rights, claims, legacies and devises under the testator's will, including her dower and rights of dower. And it was further provided, in and by said agreement, that a suit should be instituted in the court of chancery for the purpose of obtaining a decree whereby the trust created in and by the testator's will had ceased and terminated, and requiring the executors and trustees to convey all the property bequeathed or devised to the children and widow, except some real and personal property therein specifically mentioned, to the children named in his will. A bill was filed in accordance with this agreement by the complainants, and the executors opposed the making of the decree as prayed for under the agreement. There were several grandchildren of the testator in existence at the time of the making of the agreement and the institution of this suit, some of whom were minors, and none of whom were made parties hereto.

The ground of the defense is it was the testator's purpose that no distribution should be made of the estate during the lifetime of the widow, Ella Schmieder, and that if any child should die before the period of distribution arrived, *i. e.* (the time of the death or remarriage of the widow), the child or children, if any, of such deceased child should take the parent's share in the estate.

It was admitted that Emil Henry Schmieder was capable

22

of managing his own affairs, and that there is no objection on the part of the executors and trustees to paying to him his share on the ground that he was incapable of managing his own affairs.

The court of chancery held that the children has a vested estate in the remainder, and that as the owners of the life estate, to wit, the widow and children, and the owners of the estate in remainder, to wit, the children, desired to terminate the trust, they might do so by a mutual agreement. That there could be no legal objection to such action, and that the provision in the will with relation to the grandchildren, was no bar to the right of the widow and children to terminate the trust. The opinion of the vice-chancellor is reported in *2 N. J. Adv. R. 1205; 96 N. J. Eq. 69.*

We agree with the vice-chancellor that by the terms of the will the children of the testator took a vested estate. It is also our opinion that this vested estate would have become absolute and indefeasible if the children of the testator had lived to the time of the death or remarriage of the widow, which is the time fixed in the will for the period of distribution.

We do not agree, however, as decided by the vice-chancellor, that the parties interested might accelerate the date of distribution and bring to an end the trust by mutual agreement. It is true that a widow may refuse a life estate in the property of her husband under his will, and that in such event, there being no life estate outstanding, the estate becomes immediately distributable and vests absolutely in the remaindermen. Such, however, was not the circumstance in this case, as the widow accepted the terms of the will. The widow assigned, or agreed to assign, her interest to the remaindermen, which, in our opinion, did not thereby terminate the life estate. The life estate still continued in existence, for under the provisions of the will the remaindermen take the estate after the widow's death or remarriage if they survive her.

Where the period of distribution is postponed until the termination of a life estate, then, although the estate in remainder vests in the children at the time of the testator's

death, it is subject to be divested, if the beneficiary dies before the time for distribution arrives. This is the doctrine laid down in the case of *Baldwin* v. *Taylor, 37 N. J. Eq. 78,* and affirmed by this court in *33 N. J. Eq. 637.* This doctrine was also pointed out in the case of *Miller* v. *Worrall, 59 N. J. Eq. 134,* and the same principle can be seen in the case of the *Trenton Trust and Safe Deposit Co.* v. *Moore, 83 N. J. Eq. 584,* and affirmed by this court in *84 N. J. Eq. 194.* Other cases following this principle are *Redmond* v. *Gummere, 94 N. J. Eq. 217,* and *Security Trust Company* v. *Lovett, 78 N. J. Eq. 445.*

It is our opinion that under the terms of the will, the period of distribution was postponed until the death or remarriage of the widow, and that while the estate in remainder vested in the testator's children immediately upon the testator's death, it was subject to be divested by the death of any such child or children before the period of distribution, to wit, the death or remarriage of the widow, Ella Schmieder, providing such child or children of the testator died before that period, leaving a child or children.

It seems to us that the agreement above referred to, entered into between the widow and children of the testator, and upon which this suit is based, while not in the form of an assignment, is such in legal effect.

Therefore, as above stated, under the agreement entered into between the widow and children of the testator, there was no merger of the life estate and the estate in remainder so as to make the *corpus* of the estate immediately distributable, as the will provides for distribution at the termination of the life estate, and, further, specifically provides for the method of distribution at the time when that estate is to terminate.

The decree of the court of chancery is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, CLARK, McGLENNON, KAYS, JJ. 11.