EDWARD H. WELLS, executor, &c., respondent,

*v.*

KATE AMELIA BENNETT et al., trustee, &c., appellants.

[Decided October 27th, 1926.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"This suit calls for construction of the will of Edwin H. Bennett, who died June 27th, 1898. He gave and devised the residue of his estate in trust to pay specified annuities and to pay the balance of the income to his wife for life and

" '*Seventh:* After the death of my wife, I direct that the residue of my trust estate be equally divided among my children, share and share alike, and in the event of any of my children dying before my wife, and leaving them surviving, at the time of the death of my said wife, lawful issue, said issue are to take the share their parent would have taken if living.'

"The testator left him surviving his widow, who is still alive, and three children, one of whom, Serra C. Bennett, married the complainant, Edward H. Wells. She died April 1st, 1925, without issue, leaving a will under which the complainant is executor.

"The question to be determined is whether, upon the death of the testator, his said daughter took a vested interest in his residuary estate, subject only to being divested on her death in the lifetime of the testator's widow, leaving issue, or whether the share given Mrs. Wells in the testator's residuary estate was contingent upon her surviving the testator's widow and was not intended to vest in Mrs. Wells unless she survived said widow.

"The intention of the testator, as disclosed by his will, is that his residuary estate should belong to his children 'equally' and 'share and share alike,' or in case of the death

of any of them leaving issue, before the time arrived for entering into possession, then such issue to take the deceased parent's share, and *he* postponed the time for possession only for the purpose of providing for his wife as long as she might live. He did not provide that in case of the death of a child without leaving issue the surviving child should take the share of the deceased child, or that the share of the one so dying should be divested and go elsewhere.

"Where a will gives and devises a remainder but postpones payment merely for the purpose of letting in a life interest, the rule is that the remainder vests immediately upon the death of the testator. *Post* v. *Herbert, 27 N. J. Eq. 540;* *Howell* v. *Green, 31 N. J. Law 570; Miller* v. *Worrall, 59 N. J. Eq. 134; Trenton Trust Co.* v. *Moore, 83 N. J. Eq. 584; affirmed, 84 N. J. Eq. 194; Redmond* v. *Gummere, 94 N. J. Eq. 216.*

"It follows that Mrs. Wells' share in the testator's residuary estate vested in her immediately upon the death of the testator. The event which alone could divest her, namely, her death leaving issue, not having occurred, she died seized of her share and it will pass under her will."

*Messrs. Lindabury, Depue & Faulks,* for the complainant-respondent.

*Messrs. Pitney, Hardin & Skinner,* for the defendant-respondent Iris Wells.

*Messrs. Dembe & Dembe (Robert H. McCarter,* of counsel), for the appellants.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the court below.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.