Henry J. Schaedel, deceased, left a last will and testament, by which he gave his residuary estate in the following language:
"Fourth. All the rest, residue and remainder of my estate, both real and personal, of whatever name, nature, kind and description, and wheresoever the same may be situated, I give, devise and bequeath unto my beloved wife, Ida Schaedel, for and during the term of her natural life, and at and upon her death, to be equally divided between my six sons, namely, Charles Schaedel, Henry F. Schaedel, Joseph Schaedel, John Schaedel, August Schaedel and Edward Schaedel, share and share alike.
"Fifth. In the event of the death of any or either of my said sons, then it is my wish and desire that the children of such deceased son shall receive the share which their parent would have received had he been living, the same to be equally divided between the children of such deceased son."
The son Edward died before his mother, childless, testate, leaving his estate to three of his brothers. The mother is deceased. The estate of Henry is ready for distribution. The substituted administrator of the will asks instructions as to whether Edward's share passes to his surviving brothers or to the beneficiaries under the will. The two sets of claimants have raised the issue.
The substitute administrator is advised, that Edward took a vested estate at the death of his father, subject to being divested if he should die before his mother, leaving a child; and the events not having happened (he died childless), he was not divested, and his interest passed by his will. Cook v.McDowell, 52 N.J. Eq. 351; Security Trust Co. v. Lovett,78 N.J. Eq. 445; Redmond v. Gummere, 94 N.J. Eq. 216; TrentonTrust Co. v. Moore, 83 N.J. Eq. 584; affirmed, 84 N.J. Eq. 194. *Page 299