Virginia W. Johnson died a resident of Essex County April 18th. 1919, leaving a last will and testament duly probated by the surrogate of Essex County. In the third paragraph of her will she devised and bequeathed all of the residue and remainder of her estate, real and personal, to her executors and the survivors or survivor of them in trust to hold, manage and control the same, with power of sale of any of her real estate, and "to pay three fifths of the net income of my said estate unto my sister, Madge J. McEuen, so long as she shall live; one fifth unto my sister, Rebecca R. Wightman, so long as she shall live; and one fifth unto my sister, Mary A. Wightman, so long as she shall live; all in quarterly payments. Upon the death of any of my said sisters, the share of income of the one dying shall be divided equally among the survivors, or, if there be but one survivor, shall be paid entirely to her in manner aforesaid."
"* * * In further trust, to divide, distribute and pay over, upon the death of the survivor of my sisters aforesaid, thecorpus of my said estate to my children, Carroll W. Johnson and Wilbur W. Johnson, share and share alike. Should either of my said sons die before the time of distribution as appointed in this subparagraph * * * leaving lawful issue him surviving, then I direct that the share of the deceased son be divided equally among his children, or shall go to his child, if there be but one. If either of my said sons shall die without lawful issue the other of them, if living, or if he be dead leaving lawful issue, then his issue shall take the share of such deceased son."
Carroll W. Johnson and Wilbur W. Johnson, and the Essex County Trust Company of East Orange, New Jersey, were *Page 225 
appointed as executors and trustees. All qualified and assumed the burden of administering the estate.
Wilbur W. Johnson died October 1st, 1933, without leaving issue him surviving.
On November 10th, 1936, by order of the Essex County Orphans Court, the Essex County Trust Company was relieved and discharged from further duties as trustee, and the complainant, Fidelity Union Trust Company, was appointed in its place and stead.
On October 15th, 1942, by decree of the Essex County Orphans Court, Carroll W. Johnson was suspended from the exercise of his powers and performance of his duties as co-trustee of said trust while engaged in the military service of the United States, and until the further order of that court; and complainant was directed to perform and execute the trust as sole trustee thereof.
Madge J. McEuen and Rebecca R. Wightman, life tenants, are living and have been receiving the income provided for them. Mary A. Wightman, the third life tenant, died May 13th, 1943, after the filing of the amended bill herein. Three children of Carroll W. Johnson, one of the co-executors and trustees and one of the remaindermen, are living, namely, Virginia Taft Johnson, born April 29th, 1927, Daniel Carroll Johnson, born April 5th, 1928, and Collette Johnson, born June 8th, 1929. The interests of said children and of any children hereafter born to Carroll W. Johnson are identical.
On March 31st, 1932, Carroll W. Johnson and Wilbur W. Johnson were indebted to the Essex County Trust Company, and to secure such indebtedness "and any and all other debts then or thereafter owing to the Essex County Trust Company" by written instrument bearing date March 31st, 1932, sold and assigned to the Essex County Trust Company "all the rights, values, interests, benefits and properties in and to the estate of Virginia W. Johnson by the terms of said Will, or otherwise," and empowered the Essex County Trust Company to demand and receive such rights and properties, upon the condition that if said debts are fully paid, together with interest, then the assignment should cease and be void. *Page 226 
The assets of the Essex County Trust Company were on September 30th, 1935, purchased by the Fidelity Union Trust Company and were transferred to said Trust Company for a valuable consideration which it paid including the mentioned assignment, and there is presently due the Fidelity Union Trust Company the sum of $45,735.15 and interest.
Later, on May 19th, 1938, a writ of attachment issued out of the Essex County Circuit Court directing the sheriff of Essex County to attach the rights and credits, moneys and effects, goods and chattels, lands and tenements of Carroll W. Johnson on behalf of the Guaranty Trust Company and Alexander M. Bing, trustees under the will of Carrie Kauffmann, deceased, Allan L. Kauffmann and Doris K. Thompson, in an action upon a judgment recovered by the Guaranty Trust Company and Alexander M. Bing, trustees as aforesaid, Allan L. Kauffmann and Doris K. Thompson, in the sum of $8,916.15, and such proceedings subsequently had by virtue of said writ of attachment resulted in the entry of a judgment November 9th, 1938, in the sum of $9,237.02 and the issuance of a writ of scire facias on February 24th, 1941, directing the Fidelity Union Trust Company as trustee to show cause why the Guaranty Trust Company of New York and Alexander M. Bing, trustees as aforesaid, Allan L. Kauffmann and Doris K. Thompson, should not have execution of the vested remainder claimed to be attached under such proceedings.
Since the institution of the foregoing proceedings in attachment, Lester C. Gelinas has been substituted as a co-trustee of the estate of Carrie Kauffmann, deceased, in the place and stead of Alexander M. Bing, and has been made a defendant in this cause.
Complainant by its bill of complaint prays instruction of the court (a) whether there is any conflict of interest between it and the beneficiaries and creditors of the trust estate created under the provisions of the third article of the will of Virginia W. Johnson, deceased, arising out of the interest of the Fidelity Union Trust Company in said trust in its two different capacities, and if none is found to exist, that the court direct complainant how to proceed to conserve and protect the rights, interests and priorities which said Fidelity Union *Page 227 
Trust Company in its ordinary capacity may have by virtue of the assignment which it holds of the interest of Carroll W. Johnson in said trust; (b) that the court construe article third of the last will and testament of Virginia W. Johnson and declare the rights of the defendant Carroll W. Johnson thereunder, and construe the written assignment made by Carroll W. Johnson and Wilbur W. Johnson, to the Essex County Trust Company, which assignment was assigned by it to the Fidelity Union Trust Company, and adjudge and declare the respective rights, priorities, and legal relations of the complainant and the defendants in the estate of Virginia W. Johnson, deceased; and (c) that the Guaranty Trust Company, Lester C. Gelinas, since substituted as trustee under the last will and testament of Carrie Kauffmann, deceased, Allan L. Kauffmann and Doris K. Thompson, be restrained from proceeding further against complainant upon the scire facias issued against complainant as garnishee, in the attachment proceedings, brought in the Essex County Circuit Court and now pending therein, until the settlement of the estate of Virginia W. Johnson, deceased, and the making of an order of distribution thereof.
Fidelity Union Trust Company, named as a defendant hereto in its ordinary corporate capacity, filed its answer and joined in the prayers of the bill.
The attaching creditors charge in their counter-claim that part of the debt due complainant from Carroll W. Johnson consists of insurance premiums paid on a policy insuring the life of said Johnson, and further charge that stocks, bonds, mortgages and other items of personal property belonging to Carroll W. Johnson, received by him as part of his distributive share of the estate of his father Wilbur S. Johnson, are in the possession of complainant. The prayer of the counter-claim is that the attaching creditors may be decreed to have priority over complainant for all premiums heretofore or hereafter advanced by complainant for payment of insurance on the life of Carroll W. Johnson; that complainant may be decreed to account for all assets of Carroll W. Johnson received by him from the estate of Wilbur S. Johnson; and that the complainant may be decreed to pay such attaching *Page 228 
creditors, from the assets of Carroll W. Johnson, the sum now due them.
The testimony discloses that in addition to the assignment of his interest in the estate of Virginia W. Johnson, Fidelity Union Trust Company holds, as collateral security for the indebtedness of Carroll W. Johnson, the following assets:
Two hundred shares of stock in Fidelity Union Trust Company.
The undivided one-half interest of Carroll W. Johnson in real estate located on Harrison Street, East Orange, acquired by foreclosure of a $50,000 mortgage known as the David Koggan mortgage.
A $25,000 insurance policy payable to the estate of Carroll W. Johnson.
On March 3d 1944, the attaching creditors caused an alias writ of scire facias to issue out of the Essex County Circuit Court in the attachment proceedings heretofore referred to, directed to the said 200 shares of stock, the right, title and interest of Carroll W. Johnson in the Harrison Street property and the $25,000 insurance policy.
On March 21st, 1944, the attaching creditors were restrained by order of this court from further proceedings upon said alias writ of scire facias until the further order of this court.
 A.
No conflict of interest is perceived by reason of the fact that the Fidelity Union Trust Company in its ordinary capacity is the holder by assignment of the interests of Carroll W. Johnson and Wilbur W. Johnson in the estate of their mother, Virginia W. Johnson, and of the collateral which it otherwise holds to secure the payment of their several obligations. When the time for distribution arrives the Fidelity Union Trust Company as trustee will retain out of the distributive share of Carroll W. Johnson, the amount due it in its ordinary capacity, and report same to the court in its final account. *Page 229 
 B.
The question here to be determined is whether under the third article of the will, Carroll W. Johnson and Wilbur W. Johnson took vested equitable remainders, subject to being divested with contingent remainders in the share of each other on the death of either without issue before determination of the equitable life estates.
Upon the death of the testatrix the remainder limited to Carroll W. Johnson and Wilbur W. Johnson was subject to no condition precedent. Its enjoyment in possession was merely postponed in order to let in the prior life estates of the three sisters of the testatrix. The sons were given a present right of future enjoyment, the only uncertainty being whether they would ever actually enjoy it. The gift created in the sons a vested equitable remainder subject to divestment should either of the sons die before the time of distribution in which case if one of them die leaving issue, his share was to be divided equally among such issue, and if either of them died without lawful issue, the other was to take the share of such deceased son.
The son, Wilbur W. Johnson, having died without leaving issue him surviving, the contingent remainder over to Carroll W. Johnson in the share of his brother became vested. SecurityTrust Co. v. Lovett, 78 N.J. Eq. 445; 79 Atl. Rep. 616; TrentonTrust and Safe Deposit Co. v. Moore, 83 N.J. Eq. 584;91 Atl. Rep. 908; affirmed, 84 N.J. Eq. 194; 93 Atl. Rep. 1087.
In order to work a divestment of a vested remainder, the exact contingency prescribed therefor must occur. The words, "if living," applied to the facts of this case, mean that if Carroll W. Johnson was alive at the death of Wilbur W. Johnson, the interest of Wilbur W. Johnson in his mother's estate vested in his brother Carroll. There being no further gift over of this interest even if Carroll W. Johnson should predecease the remaining life tenants, the share of his brother Wilbur W. Johnson now vested in him is no longer subject to divestment.Drummond's Ex'r v. Drummond, 26 N.J. *Page 230 Eq. 234; Trenton Trust and Safe Deposit Co. v. Moore, supra.
The assignment in question recites that it was made in consideration of one dollar ($1) and other good and valuable consideration in order to secure the payment of the indebtedness aforesaid and any and all other debts now or thereafter owing to the Essex County Trust Company.
The beneficiary of a trust can transfer his interest, whether it is a present or a future interest, and whether it is a vested or a contingent interest. 1 Scott on Trusts, § 132 (at p.701); Woodward's Adm'r v. Woodward's Ex'rs, 16 N.J. Eq. 83;Jenkinson v. New York Finance Co., 79 N.J. Eq. 247;82 Atl. Rep. 36.
The assignment by Wilbur W. Johnson and Carroll W. Johnson of their interest in the estate to the Essex County Trust Company was made March 31st, 1932, and was by that company assigned to the complainant on April 14th, 1938. The attachment on behalf of the Guaranty Trust Company was made on May 19th, 1938. The assignment enjoys priority over the attachment proceedings and takes precedence. Board of Education v. Duparquet, 50 N.J. Eq. 234; 24 Atl. Rep. 922.
 C.
The attaching creditors are not entitled to priority over Fidelity Union Trust Company for premiums advanced as payments on the life insurance policy herein referred to. The rule is that where a life insurance policy is assigned as collateral, it is the duty of the insured to keep the collateral in force by the payment of the premiums, but if the assignee pays the premiums for the purpose of preserving the security (and that is what Fidelity Union Trust Company did in the matter before the court), the assignee has a claim on the policy or its proceeds for the premiums so paid, together with interest thereon. 37 Corp. Jur.436 § 148 (b); Kendall v. Equitable Life Assurance Societyof the United States, 171 Mass. 568; 51 N.E. Rep. 464; McNeil v.Cobb, 173 N.Y.S. 865; affirmed, 230 N.Y. 536. *Page 231 
Any surplus realized on the policy above the amount necessary to reimburse Fidelity Union Trust Company for premiums advanced, must be applied upon the general indebtedness due Fidelity Union Trust Company from Carroll W. Johnson. The policy was pledged as collateral for that indebtedness on August 8th, 1935, and before the writ of attachment issued.
Neither are the attaching creditors entitled to priority against Fidelity Union Trust Company in the 200 shares of Fidelity stock or the interest of Carroll W. Johnson in the Harrison Street property taken on the foreclosure of the pledged David Koggan mortgage.
The pledge of these assets having been made prior in point of time to the attachment the indebtedness it was given to secure must first be satisfied before the pledgee will be required to surrender the collateral to the attaching creditor. 5 Amer. Jur.Pru. 104 § 843; First National Bank v. Harkness, 42 W. Va. 156;24 S.E. Rep. 548; 32 L.R.A. 408.
Fidelity Union Trust Company since acquiring title to the Harrison Street property has paid the taxes assessed thereon in order to protect its security. A pledgee is entitled to reimbursement for all expenses reasonably incurred by him in keeping and caring for the property pledged, including expenses incurred in the payment of taxes on such property. 49 Corp. Jur.944 § 90; Gordon v. Mohawk Bond and Mortgage Co.,176 Atl. Rep. 422. On the sale of the Harrison Street property the proceeds should be applied first to the repayment of his proportionate share of the taxes so advanced, and the balance remaining of his proportionate share credited on the general indebtedness of Carroll W. Johnson to Fidelity Union Trust Company.
In order to permit of the orderly administration of the estate of Virginia W. Johnson, and the orderly liquidation of the indebtedness of Carroll W. Johnson to Fidelity Union Trust Company, the Guaranty Trust Company, Lester C. Gelinas, substituted trustee under the will of Carrie Kauffmann, deceased, Allan L. Kauffmann and Doris K. Thompson will be restrained and enjoined from proceeding further against the assets in the hands of complainant as trustee *Page 232 
under the writ of scire facias issued February 24th, 1941, and will be further restrained from proceeding against the other assets pledged by Carroll W. Johnson and held by Fidelity Union Trust Company as collateral security for the indebtedness of Carroll W. Johnson, in the attachment proceeding aforesaid or in any other proceedings until the indebtedness of Carroll W. Johnson to Fidelity Union Trust Company has been paid and satisfied, with interest.