The State Tax Commissioner upon accumulating the information presently to be divulged came to the conclusion that *Page 366 
three inheritance tax assessments were justifiable. The present appeal necessitates an inquiry concerning their legality.
One Mary G. Bakman, a resident of Hackensack, Bergen County, New Jersey, died testate on August 3d 1908. At her death she was seized in fee of a parcel of real property in that city which she devised to her sister, Annie M. Renner, for life and the remainder estate in equal shares to her nephews, John Frederick Renner and Joseph M.H. Renner, the sons of the life tenant, to them, their heirs and assigns forever.
The estates in remainder were, however, conditionally limited by the following terms of the will:
"In case that at the time of my sisters death either one of the two boys John Frederick Renner or Joseph M.H. Renner shall have died leaving lawful issue, then it is my will that such child or children shall take his or her parents share. In case both boys die without leaving lawful issue before the death of my sister Annie M. Renner, then I give devise and bequeath the above land and premises to the persons who by the law of descent of New Jersey would be the heirs at law of my sister Annie M. Renner, the same as if she has died intestate."
The stipulation of facts reveals that Annie M. Renner, the life tenant, survived both of her sons. She died on April 10th, 1935, leaving as her heirs and next of kin, two grandchildren, Anne M. Conklin and June Renner, who are the daughters of John Frederick Renner, deceased. John Frederick Renner, a designated remainderman, died on August 17th, 1930. Joseph M.H. Renner, the other son of the life tenant and also a remainderman under the will, died on July 12th, 1927, and his only son, Carroll (also known as Harold) J. Renner, died on October 16th, 1927, and thus also predeceased the life tenant.
It is of fleeting interest to notice that except for the proprieties of succession taxation, an interpretation of the will would be merely an academic exercise because under any determination the combination of events vests the property in the same individuals.
The taxing authority has not levied any transfer inheritance *Page 367 
tax against the transmission of the one-half interest in remainder which was devised to John Frederick Renner, evidently because it is supposed that John (having predeceased the life tenant leaving lawful issue who survived the life tenant) was divested of his interest by the occurrence of the condition first interposed by the testatrix. The assessments here under review were made against the transfers occasioned by the devolution of title to the one-half interest in remainder devised to Joseph M.H. Renner. The stipulation explains that all transferences were by way of intestate succession. The first was from Joseph M.H. Renner to his son Carroll; the second, from Carroll to his uncle, John F. Renner; and the third, from John F. Renner to his daughters heretofore named.
A brief statement of the diversity of reasoning from which this appeal emerges will exhibit the fundamental points to be decided. To support the assessments the Commissioner insists that Joseph M.H. Renner was seized of a vested remainder in the property and that his estate therein was not divested because, although he died prior to the decease of the life tenant, his only issue, Carroll (Harold) J. Renner, also predeceased the life tenant and therefore neither testamentary limitation was divestitive of that remainder estate in the premises.
The appellants propose that the will of the testatrix can be construed to contrive an unexpressed intent on her part that the interest in question should pass in the circumstances directly to the present beneficiaries of it, and in such event the transfer was liberated from taxation by the repeal in 1927 of the taxing acts of 1892, 1893 and 1894. See chapters 247, 248, 249, P.L.1927; also R.S. 54:33-4; N.J.S.A. 54:33-4. Additionally, it is asserted that the assets of the estates of the three named decedents implicated in the present assessments consisted of nothing other than their interests, if any, derived from the estate of the testatrix, Mary G. Bakman.
Other elements of the tax assessments are not impugned so that the present appeal anticipates either a total cancellation or a sustaining affirmance of the assessments as levied. *Page 368 
Reverting now to the consideration of the terms and provisions of the Bakman will, attention is promptly engaged by the following significant language of the testatrix: "I * * * devise * * * unto my sister Annie M. Renner for the term of her natural life my real estate * * *. After the death of my sister Annie M. Renner, I * * * devise * * * unto her two children John Frederick Renner and Joseph M.H. Renner, my real estate * * * share and share alike, to them their heirs and assigns forever."
It is a familiar rule that a devise of a remainder limited upon a particular precedent estate, determinable on an event which must necessarily happen, will be construed as vesting the remainder estate at the time of the death of the testatrix.Commonwealth-Merchants Trust Co. v. Seglie, 127 N.J. Eq. 160;12 Atl. Rep. 2d 153.
Thus far in the composition of her will, the testatrix assuredly manifested an intention to devise to her sister an estate vested in immediate possession for life, and to devise to the two children estates in remainder which are to be vested in interest at the death of the testatrix. By "vested in interest" I mean a present, fixed right to, or ownership of, future enjoyment. The estates devised to the two sons of the life tenant have the typical characteristics of vested remainders. They are not dependent in their creation upon the occurrence of a condition precedent. Moreover, the testatrix permitted no uncertainty concerning the identity of the beneficiaries or thequantum of the interest devised to each. Redmond v. Gummere,94 N.J. Eq. 216, 218; 119 Atl. Rep. 631.
The ensuing clauses of the will appertain to certain conditions which the testatrix did not expect would exist at her death but which she contemplated might thereafter occur and perchance exist at the death of the life tenant and at the termination of the life estate. These clauses merely introduced some uncertainties relative to the eventual possession and actual enjoyment of the estates in remainder. Such remainders, however, are not contingent in the proper sense. They are not estates the vesting or ownership of which is essentially dependent on a condition precedent. The estates in remainder are simply rendered determinable or defeasible by *Page 369 
the specified subsequent occurrences or contingencies which, it is noticed, are not in derogation of the life tenancy.
I conclude that the gift of the interest in remainder to Joseph M.H. Renner was a vested interest.
It may, however, be said that here the testatrix has imposed upon the vested interests of the remaindermen certain conditional limitations over, which, if the specified circumstances subsequently occur, are to operate to divest one or both remaindermen of his interest in the property. Hence, it becomes obligatory to ascertain whether the two conditions expressed in the will, or either of them has been factually applicable to the estate primarily devised to Joseph M.H. Renner.
It is, of course, elementary that courts are not ambitious to improvise conditions subsequent where they are not clearly apparent. Such conditions are not popular in the law and are always to be strictly construed. Rusch v. Melosh, 133 N.J. Eq. 502; 33 Atl. Rep. 2d 390; affirmed, 134 N.J. Eq. 409;36 Atl. Rep. 2d 8.
Equally well established is the rule that estates vested are not to be divested, unless all the events upon which the gift over is based actually happen. Where the condition is corporate, the whole must be fulfilled to effect a divestiture. Neilson v.Bishop, 45 N.J. Eq. 473; 17 Atl. Rep. 962; Fidelity, c., TrustCo. v. Guaranty Trust Company of New York, 135 N.J. Eq. 222,229; 37 Atl. Rep. 2d 853.
It is immediately evident that the particular contingencies encompassed by the foresight of the testatrix did not so eventuate as to deviate the course of Joseph's estate in the property. True, Joseph predeceased the life tenant, but at the time of the life tenant's death, he did not leave lawful issue then surviving and therefore there was no one under the designation of "such child or children" to take the estate, performam doni pursuant to the executory devise. Cf. SecurityTrust Co. v. Lovett, 78 N.J. Eq. 445; 79 Atl. Rep. 616; TrentonTrust and Safe Deposit Co. v. Moore, 83 N.J. Eq. 584;91 Atl. Rep. 908; affirmed, 84 N.J. Eq. 194; 93 Atl. Rep. 1087. It is the legal rule that in default of the existence of the object of the gift over and in the absence of any other *Page 370 
testamentary intent, the prior estate becomes absolute. Den v.Schenck, 8 N.J. Law 29; Groves v. Cox, 40 N.J. Law 40;Michael v. Minchin, 90 N.J. Law 603; 101 Atl. Rep. 283;Drummond's Executor v. Drummond, 26 N.J. Eq. 234; Gulick v.Gulick's Executors, 27 N.J. Eq. 498; Cook v. McDowell, 52 N.J. Eq. 351; 30 Atl. Rep. 24; Hoagland v. Cooper, 65 N.J. Eq. 407;56 Atl. Rep. 705; Sayre v. Kimble, 93 N.J. Eq. 30;114 Atl. Rep. 744; Schmieder v. Meyer, 97 N.J. Eq. 335;127 Atl. Rep. 162; reversing 96 N.J. Eq. 69; 125 Atl. Rep. 140; Wells v.Bennett (Court of Errors and Appeals), 100 N.J. Eq. 358;135 Atl. Rep. 146; Merchants and Newark, c., Co. v. Schaedel,105 N.J. Eq. 297; 147 Atl. Rep. 569.
The second condition faces the fact that "both boys" did not die without "leaving lawful issue." John left lawful issue who survived the life tenant.
To orchestrate the ambiguous language of a testament to harmonize its terms and provisions is frequently permissible, but to amplify the unambiguous expressions of the composition to include an episode which evidently escaped the expectations of the testator is forbidden. What disposition the present testatrix would have made of Joseph's estate in remainder had she foreseen the actual course of events is not perceptible in her will.
I venture to remark that these belated assessments demonstrate a meticulous vigilance which is no longer a rare eccentricity of our state and national taxing authorities.
I am, however, persuaded that Joseph was the owner of a vested remainder interest in the real estate so devised, which interest was transferred to the others heretofore named in succession by operation of the intestate laws. Transfer inheritance taxes may be validly assessed on those transfers. Morris v.Thayer-Martin, 120 N.J. Eq. 143; 184 Atl. Rep. 210; Vreeland v.Martin (Prerogative Court, December 1st, 1939, Docket No. 5112, unreported).
A decree will be advised affirming the assessments. *Page 371