On the 25th day of August, 1930, the orphans court of Atlantic county made an order as follows:
"ATLANTIC COUNTY ORPHANS COURT.
"In the matter of the estate of Antonio Cella, deceased.
On petition, c. Order directing distribution.
"The Girard Trust Company and Florence M. Riddle, who were executors and trustees under the last will and *Page 497 
testament of Antonio Cella, deceased, having filed their petition setting forth, among other things, that their account as trustees was allowed by this court by a decree dated March 12th, 1930, showing that the sum of $100,392.77 of the corpus and of $1,956.56, as income, are, under the terms of said will distributable by them to the persons hereinafter named, and praying a decree for the distribution thereof in accordance with the terms of said will, and it satisfactorily appearing that the notice for the application for such decree of distribution prescribed by the rules of this court has been given and that the said petitioners are entitled to the relief sought, in and by their said petition, and it further appearing that the said testator in and by subdivision A and B of paragraph 2 of his said will, directed his executors and trustees to pay unto his sister, Jennie Cella, the sum of fifty dollars ($50) per month during her lifetime, and to pay unto Joseph Badaracco the sum of forty dollars ($40) per month during his lifetime, and by a codicil to his said last will and testament, directing that a sum sufficient, when invested, to produce the sum of thirty dollars ($30) per month, be paid to Mary Barry on the first day of each and every month during her lifetime; that the said Jennie Cella, Joseph Badaracco and Mary Barry are all living; that the said testator provided for clothing, educating and maintaining his adopted son, Antonio Robert Cella, until he reached the age of twenty-five (25) years, and in the event of the death of said Antonio Robert Cella, prior to attaining the age of twenty-five (25) years, that then, subject to the provisions for the said Jennie Cella and Joseph Badaracco, as mentioned in said paragraph 2, subdivision A and B of said will, the estate of said testator should be divided as follows:
"`Paragraph 3 — (a) One-half to be divided among the children of Mr. and Mrs. William Riddle, share and share alike; who are then living.
"`(b) One-quarter to go to Jennie Cella, my sister, if living, and if dead, this one-quarter interest to go to her children, share and share alike, who are living at the time. *Page 498 
"`(c) And the other one-quarter interest to go to Joseph Cella, nephew; John Cella, nephew; Mamie Valloni, niece; Lizzie Lofland, niece, and Rose Cella (now married, husband's name unknown), niece, if they be living, share and share alike.'
"The said Antonio Robert Cella died August 11th, 1929, before attaining the age of twenty-five (25) years; that on August 11th, 1929, the date of the death of said Antonio Robert Cella, the children of Mr. and Mrs. William Riddle, referred to in paragraph 3, subdivision A of the will of said testator, who were then living, and in whom said gift vested, were Hugh Riddle, Donald Riddle, Bruce Riddle and Graeme Riddle; and the said Donald Riddle had theretofore, by writing bearing date October 5th, 1929, assigned all his right, title and interest under said last will and testament to Hopeshare Investment Company, a corporation of the State of New Jersey; that on August 11th, 1929, the date of the death of said Antonio Robert Cella, of the persons named in paragraph 3, subsection C of said last will and testament, Lizzie Lofland (Loftus) and Rose Cella (Tucci) alone survived, and were living; that said Joseph Cella died on June 16th, 1929, leaving him surviving two (2) children, Mary Cella MacIntyre and Catherine Cella, a minor, and leaving a last will and testament, and appointing executor thereof one Ralph MacIntyre, who was also thereby named and appointed testamentary guardian of said minor; that said John Cella died intestate on February 26th, 1922, without issue him surviving, but leaving a wife, Winfred Brady Cella; that said Mamie Valloni died on August 7th, 1921, intestate, without issue her surviving, leaving a husband, Harry Valloni; that the administrator of the estate of Antonio Robert Cella, deceased, claims to be entitled under the statute of distribution of this state, as next of kin, both as the adopted child and as grandson of the said testator, to the parts or shares directed by subdivision C of paragraph 3 aforesaid, of said will, to be disposed of to Joseph Cella, John Cella and Mamie Valloni out of said one-quarter interest, *Page 499 
insisting that said shares so given lapsed upon the death of said Joseph Cella, nephew; John Cella, nephew, and Mamie Valloni, niece, and never vested in said nephews and nieces because of their death prior to the death of said Antonio Robert Cella before he attained the age of twenty-five (25) years; that the said Lizzie Lofland (Loftus) niece, and the said Rose Cella (Tucci), niece, likewise insist that they are entitled to the whole of said one-quarter interest in equal shares because as they contend by the true construction of the will of said testator, neither the said Antonio Robert Cella in his lifetime had, nor since his demise has his administrator had any estate right or interest under the terms of said will in or to the estate of said testator or in any part thereof, and that by an order of this court made on August 5th, 1930, in the above-entitled matter, the said Girard Trust Company and Florence M. Riddle, trustees as aforesaid, under said will were ordered and directed to pay over to Howard G. Harris, administrator of the estate of Antonio Robert Cella, deceased, and Frances H. Cella, widow of said Antonio Robert Cella, the net rents, issues and profits received by them from the land and premises known as 2020 Atlantic avenue, Atlantic City, New Jersey, prior to any distribution of the assets of the estate of said Antonio Cella, deceased, and the court having examined the record of said will on file and heard and considered the arguments of Morris M. Gorson, appearing for Gorson Gorson, proctors for the petitioners; Wilfred B. Wolcott, proctor for Lizzie Lofland (Loftus) and Rose Cella (Tucci); Vincent S. Haneman, proctor for Howard G. Harris, administrator of the estate of Antonio Robert Cella and Frances H. Cella, and Boyle Archer, proctors of Marie Cella MacIntyre and Catherine Cella, and especially as to what sums should be invested or what securities should be set apart to provide the amount of money required and directed by the terms of said will and codicil, to be paid monthly to the said Jennie Cella, Joseph Badaracco and Mary Barry, before making distribution of the residue of said estate to and among the *Page 500 
persons who may be entitled thereto, in accordance with the directions and provisions of said will and testament and codicil aforesaid of the said Antonio Cella, deceased;
"It is, thereupon, on this twenty-fifth day of August, 1930, ordered, adjudged and decreed that Girard Trust Company and Florence M. Riddle, trustees under the said last will and testament of Antonio Cella, deceased, first distribute and pay from said balance in their hands to Howard G. Harris, administrator of the estate of Antonio Robert Cella, deceased, the whole net rents, issues, profits and income received by them from the premises known as No. 2020 Atlantic avenue, Atlantic City, New Jersey, between August 22d 1919, and August 11th, 1929, and that they distribute and pay unto Frances H. Cella, widow, the net rents, issues, profits and income of said property received by them from August 11th, 1929, the date of the death of said Antonio Robert Cella to the date of this decree, in accordance with the order of this court made on the fifth day of August, 1930, before making any other distribution of said balance.
"It is further hereby ordered, adjudged and decreed that the said trustees, Girard Trust Company and Florence M. Riddle, after making the payment and distribution aforesaid, set aside from the trust fund held by them, Liberty Bonds of the United States to the amount of forty thousand dollars ($40,000), par value, and cash to the amount of ten thousand dollars ($10,000), and from the income thereof, they pay to Jennie Cella the sum of fifty dollars ($50) monthly, during the term of her natural life; that they pay to Joseph Badaracco, monthly, the sum of forty dollars ($40) during the term of his natural life; and that they pay to Mary Barry, monthly, the sum of thirty dollars ($30) during the term of her natural life; that the residue of said estate, after setting aside the assets and fund aforesaid for the purposes aforesaid, the said trustees pay and distribute as follows: One equal one-eighth part thereof to Hugh Riddle; one other equal one-eighth part thereof to Hopeshare Investment Company, a corporation of the State of New Jersey; one other equal one-eighth part thereof to Brude *Page 501 
Riddle; one other equal one-eighth part thereof to Graeme Riddle; one-quarter of said residue to Jennie Cella; one equal twentieth part thereof to Lizzie Lofland (Loftus); one equal twentieth part thereof to Rose Cella (Tucci); three equal one-twentieths parts thereof, so far as the same consists of personal property, to Howard G. Harris, administrator of the estate of Antonio Robert Cella, deceased, and insofar as the same consists of real property, to the said Frances H. Cella, widow of Antonio Robert Cella, deceased.
"It is further ordered, adjudged and decreed, that a counsel fee of two thousand 00/100-dollars be allowed to Gorson Gorson, proctors for the estate of Antonio Cella, deceased.
 WM. H. SMATHERS, Judge."
This order was based, inter alia, upon the following stipulations of facts:
"ATLANTIC COUNTY ORPHANS COURT.
"In the matter of the estate of Antonio Cella, deceased.
Stipulation of facts.
"It is hereby stipulated that the following facts are true, to the best of our knowledge and belief and may be considered by the above court in construing the last will and testament of Antonio Cella, deceased, upon petition for distribution of his estate:
"1. That Joseph Cella, John Cella, Mamie Valloni, Lizzie Loftus (incorrectly named Lofland) and Rose Cella Tucci, the persons named in paragraph 3, section (c) of the last will and testament of Antonio Cella, deceased, are all the children of John Cella, who was a brother of the testator, and who predeceased him.
"2. Mary Cella MacIntyre and Catherine Cella are the only children and next of kin of Joseph Cella, who died on June 16th, 1929.
"3. John Cella and Mamie Valloni, two of the persons named in said paragraph 3, section (c) of said will died without leaving issue. *Page 502 
"4. Antonio Robert Cella died on the 11th day of August, 1929.
 GORSON GORSON, Proctors for Florence M. Riddle and Girard Trust Company, Trustees.
 VINCENT S. HANEMAN, Proctor for H.G. Harris, administrator of the Estate of Antonio Robert Cella.
 BOYLE ARCHER, Proctors for Mary Cella MacIntyre and Catherine Cella.
 WILFRED B. WOLCOTT, Proctor for Lizzie Loftus and Rose Cella Tucci."
"ATLANTIC COUNTY ORPHANS COURT.
"In the matter of the estate of Antonio Cella, deceased.
Stipulation of facts.
"It is hereby stipulated that the following facts are true, to the best of our knowledge and belief and may be considered by the above court in construing the last will and testament of Antonio Cella, deceased, upon petition for distribution of his estate:
"1. Antonio Cella and Rhoda Cella had one natural child, Mary Cella, born June 1st, 1877.
"2. Mary Cella married Harry Blake and had one child, Antonio Robert Cella, born February 19th, 1908.
"3. Mary (Cella) Blake died August 17th, 1908.
"4. Antonio Robert Cella was legally adopted by Antonio Cella and Rhoda Cella November 3d 1908.
"5. Antonio Robert Cella died August 11th, 1929, leaving him surviving no children, no brothers or sisters of the whole blood, but leaving him surviving a widow, Frances H. Cella, and his natural father, Harry Blake, and brothers and sisters of the half blood, children of Harry Blake.
"6. Rhoda Cella died June 24th, 1915, leaving her surviving her husband, Antonio Cella and her natural grandson and *Page 503 
adopted son, Antonio Robert Cella, and leaving no other known blood relatives.
"7. Antonio Cella died August 22d 1919, leaving him surviving, as his only heir, his grandson and adopted son, Antonio Robert Cella.
 GORSON GORSON, Proctors for Florence M. Riddle and Girard Trust Company, Trustees.
 VINCENT S. HANEMAN, Proctor for H.G. Harris, administrator of the Estate of Antonio Robert Cella.
..........................
 Proctors for Mary Cella MacIntyre and Catherine Cella.
 WILFRED B. WOLCOTT, Proctor for Lizzie Loftus and Rose Cella Tucci."
"ATLANTIC COUNTY ORPHANS COURT.
"In the matter of the estate of Antonio Cella, deceased.
Stipulation of facts.
"It is hereby stipulated that the following facts are true, to the best of our knowledge and belief, and may be considered by the above court in construing the last will and testament of Antonio Cella, deceased, upon petition for distribution of his estate:
"1. Mary Cella, born June 1st, 1877, was the child of Rhoda Cella. (Proctors for Mary Cella MacIntyre and Catherine Cella had no knowledge sufficient to form a belief as to who the father of Mary Cella was; that they neither confirm nor dispute that the father of Mary Cella was Antonio Cella.)
"2. Mary Cella married Harry Blake and had one child, Antonio Robert Cella, born February 19th, 1908.
"3. Mary (Cella) Blake died August 17th, 1908.
"4. Antonio Robert Cella was legally adopted by Antonio Cella and Rhoda Cella November 3d 1908. *Page 504 
"5. Antonio Robert Cella died August 11th, 1929, leaving him surviving no children, no brothers or sisters of the whole blood, but leaving him surviving a widow, Frances H. Cella, and his natural father, Harry Blake, and brothers and sisters of the half blood, children of Harry Blake.
"6. Rhoda Cella died June 24th, 1915, leaving her surviving her husband, Antonio Cella, and her natural grandson and adopted son, Antonio Robert Cella, and leaving no other known blood relatives.
"7. Antonio Cella died August 22d 1919, leaving him surviving as his only heir, his grandson and adopted son, Antonio Robert Cella.
..........................
 Proctor for Florence M. Riddle and Girard Trust Company, Trustees.
..........................
 Proctor for H.G. Harris, administrator of the Estate of Antonio Robert Cella.
 Nothing admitted concerning `grandson' in paragraph 7.
 BOYLE ARCHER, Proctors for Mary Cella MacIntyre and Catherine Cella.
..........................
 Proctor for Lizzie Loftus and Rose Cella Tucci."
Lizzie Loftus and Rose Cella Tucci file their petition of appeal in this court from certain portions of said order of distribution, as follows:
1. That portion which provided for the setting aside of the sum of $40,000 in Liberty Bonds of the United States to provide for the annuities to Jennie Cella, Joseph Badaracco and Mary Barry.
2. That portion which provided for the payment of one-eighth part each to Hugh Riddle, Hopeshare Investment Company, Bruce Riddle and Graeme Riddle; one quarter to Jennie Cella, one-twentieth to Lizzie Loftus, one-twentieth *Page 505 
to Rose Cella Tucci, three equal one-twentieth parts thereof, so far as the same consists of personal property, to Howard G. Harris, administrator of the estate of Antonio Robert Cella, deceased, and insofar as the same consists of real property, to Frances H. Cella, widow of Antonio Robert Cella, deceased.
3. That portion which provided for a counsel fee of $2,000 to Messrs. Gorson Gorson, proctors for the estate of Antonio Cella, deceased.
No attempt is made to sustain the appeal from that portion of the order which directed the payment to Hugh Riddle, Hopeshare Investment Company, assignee of Donald Riddle, Bruce Riddle and Graeme Riddle, nor to the payment to Jennie Cella, his sister, the attack being made, primarily, upon the construction of the clause (c) "and the other one-quarter interest to go to Joseph Cella, nephew; John Cella, nephew; Mamie Valloni, niece; Lizzie Lofland, niece, and Rose Cella (now married, husband's name unknown), niece, if they be living share and share alike," all of whom excepting Lizzie Loftus and Rose Cella Tucci, having departed this life prior to the death of Antonio Robert Cella.
It is apparent that the judge of the orphans court held that these bequests were made to the persons in said clause named, as individuals and not as a class, and to those individuals living at the time of the death of the said Antonio Robert Cella, share and share alike.
It will be noted that subdivision (a), clause 3 of the will, provided for the division "among the children of Mr. and Mrs. William Riddle," and in clause (b), in the event of the death of Jennie Cella, "to her children," while subdivision (c) specifies the beneficiaries by name and designates the relationship.
A gift by will to persons by name indicates the testatrix's intention to give to them as individuals, and they take as tenants in common. The New Jersey Title Guarantee and Trust Co.
v. Elsworth, 108 N.J. Eq. 229. *Page 506 
A presumption therefore arises that the testator intended these persons should take as individuals. Clark v. Morehous, 74 N.J. Eq. 658.
I find that this presumption is not overcome by an examination of the will, as was done in Security Trust Co. v.Mary Ann Lovett, 78 N.J. Eq. 445.
The appeal from the orphans court as to this direction of the funds under this provision of the will will be affirmed.
That portion of the order directing the setting aside of Liberty Bonds to the amount of $40,000 and the allowance of fees will also be affirmed.
The judge of the orphans court, who tried the cause and saw and heard the witnesses, should be upheld, if he may be, without doing violence to the case as it appears upon the record. In theMatter of the estate of Francis L. Wandell, deceased, 92 N.J. Eq. 195.
In Smith v. McDonald, 71 N.J. Eq. 261, a somewhat similar case, Mr. Justice Swayze said: "They were not allowed counsel fees in the orphans court or in the prerogative court. We are unwilling to disturb the action of these courts on this subject. We have, however, been aided in the consideration of a novel, difficult and debatable question by the arguments and briefs of appellants' counsel, as well as of respondents' counsel, and counsel fees will be allowed to both sides in this court." Same case in prerogative court, 69 N.J. Eq. 765 (at p. 770).
The order of the orphans court appealed from will therefore be affirmed.
Vincent S. Haneman, Esquire, proctor for H.G. Harris, administrator, and Frances Cella, appellee, applies for an allowance in this court. He will be allowed a fee of $500, no other allowance having been made to him. *Page 507