CAPE MAY COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF EMILY M. LAKE, DECEASED.

Decided October 30, 1940.

Proctors for the estate, *Norcross & Farr*.

WAY, C. P. J.   Emily M. Lake by her last will dated October 28th, 1924, in the second paragraph, bequeathed, free and clear of all estate, inheritance taxes or other taxes, $1,000 to her daughter, Ada Emily Lake Soars; $1,000 to her daughter, Della May Lake Oliver; and $500 to her grandson, Charles Henry Masland, Jr.   In the third paragraph of her will she bequeathed $2,500 free and clear of all estate, inheritance taxes or other taxes, to the Provident Trust Company as trustee, to invest and hold until her grandchildren, Alfred Cookman Oliver, Jr., James Edward Lake Oliver, David Rogers Oliver, John Crane Oliver and Jean Hart Oliver should severally attain the age of twenty-one years.   The will further provided:

"If my said grandchildren respectively attain the age of twenty-one years, my trustee shall pay over, transfer and assign unto each such grandchild so attaining said age, one-

fifth part of the entire capital or principal of said trust and the accumulated income thereon, absolutely, clear of all trusts. If any of my said grandchildren should die before attaining the age of twenty-one, then at his or her decease respectively my trustee shall pay over, transfer and assign the share of the capital or principal of said trust and accumulated income thereon, which such deceased grandchild would have been entitled to take and receive if he or she had continued to live, unto Della May Lake Oliver, if she should then be living, otherwise unto her heirs and next of kin under the intestate laws of the State of New Jersey."

In the fourth paragraph the testatrix bequeathed all the residue of her estate, real, personal and mixed, equally to her daughters, Ada Emily Lake Soars and Della May Lake Oliver.

On April 3d, 1928, the testatrix died leaving all the beneficiaries named in the will surviving her except James Edward Lake Oliver who died a minor at the age of fourteen on January 13th, 1928. All the others are now living. All the grandchildren named in the will who are living have attained twenty-one with the exception of Jean Hart Oliver who is a minor of the age of twenty years, and will attain the age of twenty-one years on October 23d, 1940.

The executor filed an accounting showing a balance for distribution, before payment of costs and expenses of accounting, commissions and proctor's fees, in the sum of $3,596.59, and showing payments on account of distributive shares as follows: to Ada Emily Lake Soars, from *corpus* $250; to Della May Lake Oliver, from *corpus* $200, and from income $50. Thus there is an insufficiency of assets to pay the legacies in full.

At her death, the testatrix held title to some lots at National Park, New Jersey. The executor, since its appointment, has endeavored to secure a purchaser for the lots, and none could be found. More than two years ago the lots were sold for taxes and were purchased by the borough of National Park. At the present time the accrued taxes, with interest, costs and penalties due equal or exceed the sale value.

The executor now seeks instructions on the following questions:

1. Does the legacy to James Edward Lake Oliver, contained in the third paragraph of decedent's will, pass to the remaining grandchildren, to Della May Lake Oliver, or lapse and fall into the residuary estate?

2. Do the legacies in the will constitute a charge against the real estate owned by the decedent at the time of her death?

3. Should the taxes on the real property be paid out of the balance in the hands of the executor?

4. In what manner shall the property be distributed?

5. What notice should be given to the legatees?

*As to the first question* the gift to decedent's grandchildren was a gift to individuals rather than a gift to a class. A gift to persons by name indicates the testatrix' intention to give to them as individuals, and it does not matter that they form a class of relatives. *New Jersey Title Guarantee and Trust Co.* v. *Ellsworth,* 108 *N. J. Eq.* 227; 154 *Atl. Rep.* 602; *In re Cella's Estate,* 108 *N. J. Eq.* 496; 155 *Atl. Rep.* 263. This is a presumption, however, which can be overcome by evidence indicating to the contrary on the face of the will. But there appears to be no indication on the face of the will that this should be considered to be a class gift, while there is a strong indication that a gift to individuals was intended, namely the gift over upon the death of any of the grandchildren before attaining twenty-one.

Regarding this as a gift to individuals the legacy to James Edward Lake Oliver cannot pass to the surviving grandchildren. The more difficult question now arises. Will the gift over to Della May Lake Oliver take effect, or did it lapse because of the death of James Edward Lake Oliver before the death of the testatrix?

It therefore becomes necessary to determine what the testatrix meant when she said "if any of my said grandchildren should die before attaining the age of twenty-one years, then at his or her decease, respectively, my trustee shall pay over"—whether she meant "should survive me and die before attaining twenty-one" or whether "should die either before or after my death and before attaining the age of twenty-one" was meant. Upon examination of the authorities, within this jurisdiction there appears to be no case sufficiently in point to

settle the question. My examination of cases in other jurisdictions affords but little assistance, and it is a general scarcity of authorities that prompts a writing of this conclusion.

As I read the will it impresses me that the testatrix did not intend the gift over to be effective unless one of her grandchildren (and she specifically named all of them) survived her and died before attaining the age of twenty-one years. It would have been impossible to make the payment referred to upon the death of James Edward Lake Oliver during her (testatrix) lifetime. The gift over to Mrs. Oliver, upon the death of any of the testatrix' grandchildren before attaining the age of twenty-one years is to be paid "at his or her decease respectively" and these words it seems would indicate that the testatrix had in mind only the death of such grandchild or grandchildren that might survive her. There is nothing to indicate that the gift over should take effect and the result would therefore be that the bequest to the grandchild James Edward Lake Oliver lapsed by reason of his having died prior to the death of the testatrix, and it would then follow that the gift of twenty-five hundred ($2,500) dollars, as mentioned in the third paragraph of decedent's will was reduced to the sum of two thousand ($2,000) dollars. Counsel submitted many cases of interest but no case directly in point could be located. There is a general indication that, in the absence of other intentions expressed in testator's will, the substitutionary gift will be held to be effective where the original legatee predeceased the testator or survived him and thereafter died before attaining the stipulated age. However, in the conflict of authorities one thing appears to stand out and that is, in construing the testatrix' will the words used are to be given particular consideration rather than any general rule of law or construction. See 69 *Corp. Jur.* 355; *Will Section* 1364. A reading of the following English cases will prove to be of interest: *Thornhill* v. *Thornhill,* 4 *Madd.* 377; 56 *Reprint* (1819); *Corlyn* v. *French,* 4 *Ves. Jr.* 418; 31 *Reprint* 213 (at *p.* 221) (*Master of the Rolls,* 1799); *Smith* v. *Smith,* 8 *Sim.* 353; 8 *Eng. Ch.* 353; 59 *Reprint* 140; *In re Hannam* (*Haddelsey* v. *Hannam*), 2 *Chanc. Div.* (1897) 39.

*As to the second question,* the legacies in the will are a

charge upon the realty to the extent that the personal estate is insufficient for the payment thereof. This is because the realty was not specifically devised and the legacies cannot be fully paid out of the personal estate.

*As to the third question,* the taxes on the real property should not be paid out of .the balance in the hands of the executor, but the realty should be conveyed to the legatees in proportion to their legacies, in case there should subsequently appear to be any equity in the lands then the legatees may benefit proportionately.

*As to the fourth question,* the legacies must be abated *pro-rata.* $1,000 was bequeathed to Ada Emily Lake Soars, $1,000 was bequeathed to Della May Lake Oliver, $500 was bequeathed to Charles Henry Masland, Jr., $500 was also bequeathed to each of decedent's four grandchildren, Alfred Cookman Oliver, Jr., David Rogers Oliver, John Crane Oliver and Jean Hart Oliver. Payments have been made on account of distributive shares as follows: To Ada Emily Lake Soars $250 from *corpus;* to Della May Lake Oliver, $200 from *corpus,* $50 from income. The $500 paid out must be added to the balance in the hands of the executor after payment of costs and expenses of accounting, commission and proctor's fees. This sum shall then be divided as follows: two-ninths to Ada Emily Lake Soars (less $250 which has already been paid) ; two-ninths to Della May Lake Oliver (less $250 which has already been paid) ; one-ninth to Charles Henry Masland, Jr.; one-ninth to Alfred Cookman Oliver, Jr.; one-ninth to David Rogers Oliver; one-ninth to John Crane Oliver and one-ninth to Gene Hart Oliver.

*As to the fifth question,* since the interested parties live no further distant than Washington, District of Columbia, or Carlisle, Pennsylvania, fifteen (15) days' notice may be given to each of the interested parties by sending the same registered mail with return receipt requested at their last known respective addresses.